**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-----------------------------------------------------------X
THOMAS E. TOMY,

                          Plaintiff,

vs.

CHRISTOPHER A. BARKER, LT HARNETT
TRUCKING, JOHN DOES I-X, (said names being
fictitious, true names presently unknown), ABC
CORP. I-X (said names being fictitious, true names
presently unknown),

                          Defendants.
-----------------------------------------------------------X

**Civil Action number :20-cv-**

**NOTICE OF REMOVAL**

TO:    Daniel Epstein, Esq.
       Epstein Ostrove, LLC
       200 Metroplex Drive, Suite 304
       Edison, NJ 08817

     **PLEASE TAKE NOTICE**, that on this date, defendants CHRISTOPHER A. BARKER and

LT HARNETT TRUCKING by their undersigned counsel, have filed this Notice of Removal

pursuant to 28 U.S.C. §1446(a), in the office of the Clerk of the United States District Court for the

District of New Jersey.

     1.    Plaintiff THOMAS E. TOMY instituted a lawsuit against defendants

CHRISTOPHER A. BARKER and LT HARNETT TRUCKING (and fictitious-named defendants)

by filing a Complaint and Jury Demand in the Superior Court of the State of New Jersey, Law

Division, Middlesex County on or about September 30, 2020 as a result of an alleged accident which

occurred on or about February 13, 2020.  A copy of the Complaint is attached hereto as Ex A.

     2.    Upon information and belief, the Summons and Complaint were received by

defendant CHRISTOPHER A. BARKER on or about October 9, 2020.  Summons attached as Ex.

B.

3.      Upon information and belief, the Summons and Complaint not were received by defendant LT HARNETT TRUCKING to date.

4.      There have been no other proceedings in this action.

5.      According to the plaintiff's Complaint (Ex. A), the plaintiff purports to be a citizen and resident of the State of New Jersey, residing in South Amboy, Middlesex County.

6.      Defendant   CHRISTOPHER A. BARKER   is an Ohio resident, residing in Steubenville.

7.      Defendant LT HARNETT TRUCKING is an Ohio corporation, incorporated in the State of Ohio.  LT HARNETT TRUCKING's principal place of business is in Kinsman, Ohio.

8.      For purposes of diversity jurisdiction under 28 U.S.C. §1332(a), a "corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business."

9.      In the First Count, paragraph 4 and Second Count, paragraph 4 of the plaintiff's Complaint, plaintiff THOMAS E. TOMY alleged that, as a result of the subject accident, he sustained and suffered serious injuries; was seriously and permanently injured, suffered and will experience great pain and suffering, will be required to expend large sums of money for medical care and attention and has been and will in the future be disabled and prevented from attending to his necessary affairs and business. *Please see* Ex. A.

10.     On October 12, 2020, the defendants served a request for a written Statement of Damages claimed on the plaintiff's counsel (Ex. C).

11.     On October 12, 2020, the plaintiff's counsel served a response to the defendants' request for a written Statement of Damages claimed, indicating damages in the amount of $5,000,000 (Ex. D).

12.     Based upon the plaintiff's response to the defendants' request for a written Statement

of Damages claimed and the language set forth in the plaintiff's Complaint, the matter in controversy exceeds $75,000, exclusive of interest and costs.

13.     Jurisdiction over the subject matter of this action is conferred on this Court by 28 U.S.C. §1441(a).

14.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 in that the parties are of complete diversity of citizenship, the amount in controversy exceeds $75,000 exclusive of interest and costs.

15.     This Notice is filed with this Court within 30 days of defendant's receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," as provided by 28 USC §1446(b).

**PLEASE TAKE FURTHER NOTICE**, that the defendants, upon filing the Notice of Removal in the office of the Clerk of the United States District Court for the District of New Jersey, have also filed copies of the Notice with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County Courthouse, 56 Paterson St., New Brunswick, NJ 08903-0964, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. §1446(b).

Dated: November 3, 2020

                                LAW OFFICES OF LORNE M. REITER, LLC
                                Attorneys for defendants
                                CHRISTOPHER A. BARKER and LT HARNETT
                                TRUCKING
                                124 First Avenue
                                Atlantic Highlands, New Jersey 07716
                                732-747-9555

                                *Lorne M. Reiter*

            BY:     _____
                                LORNE M. REITER

**EX. A**

Daniel N. Epstein, Esq. – Attorney ID No.:   033981995
**EPSTEIN OSTROVE, LLC**
Attorneys at Law
200 Metroplex Drive, Suite 304
Edison, NJ 08817
(732) 828-8600
Attorney for Plaintiff

| | | |
|---|---|---|
| THOMAS E. TOMY, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION |
| Plaintiff, | : | MIDDLESEX COUNTY |
| vs. | : | |
| | : | DOCKET NO.:  MID-L- |
| CHRISTOPHER A. BARKER, | : | |
| LT HARNETT TRUCKING, | : | CIVIL ACTION |
| JOHN DOES I-X, (said names being | : | |
| fictitious, true names presently unknown) | : | **COMPLAINT, DESIGNATION OF TRIAL** |
| ABC CORP. I-X (said names being | : | **COUNSEL, NOTICE TO PRODUCE,** |
| fictitious, true name presently unknown), | : | **DEMAND FOR INSURANCE, DEMAND** |
| | : | **FOR INTERROGATORIES AND JURY** |
| Defendants. | : | **DEMAND** |

Plaintiff, THOMAS E. TOMY, residing at 243 South Pine Avenue, City of South Amboy, County of Middlesex, State of New Jersey, by way of Complaint against the Defendants, says:

## PARTIES

1.      Plaintiff, THOMAS E. TOMY, residing at 243 South Pine Avenue, City of South Amboy, County of Middlesex, State of New Jersey, was operating a motor vehicle on February 13, 2020.

2.      Defendant, CHRISTOPHER A. BARKER, is an individual residing at 644 Arden Avenue, City of Steubenville, County of Jefferson, State of Ohio.

3.      Defendant, LT HARNETT TRUCKING, is a company licensed to do buisness at 7431 State Route 7, Community of Kinsman, Township of Southern Kinsman, County of Trumbull, State of Ohio.

4.      Upon information and belief, Defendant(s), JOHN DOES I-X are individuals whose names and addresses are unknown.

5.    Upon information and belief, Defendant(s), ABC CORP. I-X are legal entities, the names and addresses of whom are unknown.

### FIRST COUNT
### (Negligence)

1.    On or about February 13, 2020, the Plaintiff, THOMAS E. TOMY, was operating a motor vehicle on King Georges Post Road, when he was hit in the front in the Township of Woodbridge, County of Middlesex, State of New Jersey.

2.    On or about February 13, 2020, and at all times relevant hereto, Defendant, CHRISTOPHER A. BARKER, was operating a motor vehicle attempting to back up on King Georges Post Road and struck the front of the Plaintiff, THOMAS E. TOMY, in the Township of Woodbridge, County of Middlesex, State of New Jersey.

3.    At the time and place aforementioned, the Defendant, CHRISTOPHER A. BARKER, was careless, reckless and/or negligent in the operation of the aforementioned vehicle in that he violently and with great force collided with the motor vehicle which Plaintiff, THOMAS E. TOMY, was operating, causing him to sustain and suffer serious injuries.

4.    As a direct result of the negligence of the Defendant, CHRISTOPHER A. BARKER, the Plaintiff, THOMAS E. TOMY, was seriously and permanently injured, suffered and will experience great pain and suffering, will be required to expend large sums of money for medical care and attention, and has been and will in the future be disabled and prevented from attending to his necessary affairs and business.

**WHEREFORE,** Plaintiff, THOMAS E. TOMY, demands judgment against the Defendant, CHRISTOPHER A. BARKER, for money damages, interest, and costs of suit.

### SECOND COUNT
### (Agency and Negligent Entrustment)

1.    Plaintiff, THOMAS E. TOMY, repeats and re-alleges the allegations contained

above as if set forth herein at length.

2.      On or about February 13, 2020, and at all times relevant hereto, Defendant(s), LT HARNETT TRUCKING, JOHN DOES I-X and/or ABC CORP. I-X was/were the owner(s) of a motor vehicle operated by Defendant, CHRISTOPHER A. BARKER, was attempting to back up on King Georges Post Road, in the Township of Woodbrdige, County of Middlesex, State of New Jersey.

3.      At the time and place aforementioned, the Defendant(s), LT HARNETT TRUCKING, JOHN DOES I-X and/or ABC CORP. I-X, was/were careless, reckless and/or negligent in the entrustment of the aforementioned vehicle in that he/she/they negligently maintained and/or repaired and/or entrusted his/her/their vehicle to Defendant, CHRISTOPHER A. BARKER, whose negligent operation of the vehicle caused him to violently and with great force collide with the motor vehicle operated by Plaintiff, THOMAS E. TOMY, causing him to sustain and suffer serious injuries.

4.      As a direct result of the negligence of Defendant(s), LT HARNETT TRUCKING, JOHN DOES I-X and/or ABC CORP. I-X, the Plaintiff, THOMAS E. TOMY, was seriously and permanently injured, suffered and will experience great pain and suffering, will be required to expend large sums of money for medical care and attention and has been and will be disabled and prevented from attending to him necessary affairs and business.

**WHEREFORE**, Plaintiff, THOMAS E. TOMY, demands judgment against the Defendant(s), LT HARNETT TRUCKING, JOHN DOES I-X and/or ABC CORP. I-X, for money damages, interest, and costs of suit.

### THIRD COUNT
### (Respondent Superior)

1.      Plaintiff, THOMAS E. TOMY, repeats and re-alleges the allegations contained above as if set forth herein at length.

2.     At all times hereinafter mentioned, the Defendant(s), LT HARNETT TRUCKING, JOHN DOES I-X and/or ABC CORP. I-X, was/were the principal(s) of Defendant, CHRISTOPHER A. BARKER, who was acting as an agent and/or employee of Defendant(s), LT HARNETT TRUCKING, JOHN DOES I-X, and/or ABC CORP. I-X, at the time of the subject accident.

3.     On or about February 13, 2020, and at all times relevant hereto, the Defendant agent, was operating said motor vehicle on behalf of principal, the Defendant(s), LT HARNETT TRUCKING, JOHN DOES I-X, and/or ABC CORP. I-X, in the service of and in the course of his employment and at all times herein mentioned, was acting as the agent, servant, independent contractor, and/or their employee.

4.     As a result of the negligence, carelessness and recklessness of the Defendant and/or employment, in the operation of the aforesaid motor vehicle while in the course of an agency relationship with the Defendant(s), LT HARNETT TRUCKING, JOHN DOES I-X and/or ABC CORP. I-X, Plaintiff, THOMAS E. TOMY, was injured.

5.     Therefore, Defendant(s), LT HARNETT TRUCKING, JOHN DOES I-X and/or ABC CORP. I-X is/are liable to the Plaintiff, THOMAS E. TOMY, for the negligent and reckless acts of their agent under the doctrine of respondent superior and/or agency, and for all personal injuries and other damages herein sustained by the Plaintiff.

**WHEREFORE**, Plaintiff, THOMAS E. TOMY, demands judgment against the Defendant(s), LT HARNETT TRUCKING, JOHN DOES I-X, and/or ABC CORP. I-X, jointly, severally and/or in the alternative for money damages, interest and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Daniel N. Epstein, Esq. is hereby designated as trial counsel for the Plaintiff in the within matter.

## DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES

Pursuant to Rule 4:17-1, the Plaintiff, THOMAS E. TOMY, hereby demands answers to Uniform Interrogatories Form C Personal Injury Interrogatories and Uniform Interrogatories Form C(1) of all Defendants within the time prescribed by the Rules of the Court.

## DEMAND FOR DISCOVERY OF INSURANCE

Pursuant to R. 4:10(b), demand is hereby made that defendants disclose to plaintiff's attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide plaintiff's attorney with true copies of such insurance agreements or policies including, but not limited to, any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

## NOTICE TO PRODUCE

**PLEASE TAKE NOTICE** that in accordance with the rules of Court, you are hereby required to produce and complete copies of the following documents at the law offices of EPSTEIN OSTROVE, LLC located at 200 Metroplex Drive, Suite 304, Edison, New Jersey, within thirty (30) days of receipt of this Notice:

1.  Any and all statements made by any party to this lawsuit, their agents, representatives or employees, whether written or oral.

2.  Any and all statements made by the witnesses to the events describes in any and all of the paragraphs of the Plaintiffs' Complaint.

3.  Any and all statements made by any person, including the Defendants, or any eyewitnesses, which relate or refer in any way to the incident described in any and all of the

paragraphs of the Plaintiffs' Complaint.

4.   Any and all written reports rendered by the Defendants' proposed expert witnesses, including but not limited to, any medical expert witness intended or not intended to be called at the time of trial.

5.   Any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations, or other published documents referred to and utilized by or relied upon by any expert witness whom Defendants intends to call at time of trial.

6.   Any and all blueprints, charts, diagrams, drawings, graphs, maps, plats, plans, photographs, videos, tapes, models or other visual reproduction of any object, place or thing prepared or utilized by, referred to or relied upon by any Defendant or expert witness whom Defendants intends to call at time of trial.

7.   A photostatic copy of any photograph or surveys of the scene of the accident or of any objects or persons involved therein whether in possession of the Defendants of the Defendants' attorney(s).

8.   A copy of any and all written reports, or summaries of oral reports, as well as a copy of the *curriculum vitae* of any and all experts that have supplied reports to Defendants' attorneys', whose testimony will be offered at the time of the trial in the above referenced matter.

9.   A copy of any and all insurance policies affording a defense and/or indemnification to the Defendant for the subject incident.

10.   True copies of any and all contracts, agreements and/or lease between any of the parties to the within litigation.

### SUPPLEMENT NOTICE TO PRODUCE DIRECTED AT DEFENDANT, LT HARNETT TRUCKING

**PLEASE TAKE NOTICE** that in accordance with the rules of Court, you are hereby

required to produce and complete copies of the following documents at the law offices of EPSTEIN OSTROVE, LLC located at 200 Metroplex Drive, Suite 304, Edison, New Jersey, within thirty (30) days of receipt of this Notice:

1.   Copies of the declaration pages for any and all insurance policies covering this loss, including, but not limited to, any and all primary insurance policies, excess insurance policies and/or insurance policies which defendants are listed as an additional insured under another person s or entity s insurance policy.

2.   The entire claims and investigation file or files including all insurance policies of the defendants (excluding references to mental impressions, conclusion or opinions representing the value or merit of the claim or defense or respecting strategy or tactics and privileged communication from counsel).

3.   Any and all statements made by any party to this lawsuit, whether written or oral, including any co-plaintiff or co-defendant, their agents, representatives or employees.

4.   Any and all statements made by any witnesses to the events described in any of the paragraphs of plaintiff s Complaint.

5.   Any and all statements made by any of the defendants, their employees, agents or representatives to any insurance company.

6.   Any and all statements made by any person, other than defendants or any eyewitnesses, which relate or refer in any way to the incident described in plaintiffs Complaint.

7.   Any and all documents containing the name, home and business address of all individuals contacted as potential witnesses.

8.   Any and all written reports rendered by proposed expert witnesses including but not limited to any medical expert witnesses whether intended or not intended to be used at the time of trial.

9.      Copies of any and all written reports or summaries of oral reports, as well as a copy of the Curriculum Vitae, of any and all experts that have supplied reports, whose testimony will be offered at the trial of the above matter.

10.     Any and all books, treatises, scientific studies and/or journals, commentaries, reports, statutes, codes, ordinances, rules, regulations or other published document referred to and utilized by or relied upon by any expert witness intended to be called at trial.

11.     A complete copy of any and all documents contained in all experts' files for all experts who will testify at trial and for all medical expert witnesses whether intended or not intended to testify at trial.

12.     A copy of any and all written reports and/or summaries of any and all oral reports generated as a result of plaintiff having undergone an independent medical examination/defense medical examination at the request of defendants or defendants' insurance company.

13.     Any and all blueprints, charts, diagrams, drawings, graphs, maps, plats, plans, photographs, models or other visual reproductions of any object, place or thing prepared or utilized by, referred to or relied upon by any expert witness intended to be called at the time of trial.

14.     All photographs, video, charts, diagrams, maps and other pictorial or graphic depictions of any matter relevant to the action whether in the possession of or under the control of or available to the party to whom this demand is directed, the attorney(s) for that party or in the possession of any representative of that party s insurance carrier, including but not limited to depictions of the condition of and/or damage to physical property.

15.     Copies of any hospital/medical reports that the party to whom this demand is directed, or his/her/their representatives, employees or attorneys have obtained pursuant to N.J.S.A. 2A:82-41, et seq.

16.     Copies of any and all statements from the defendant's employees or the employees of defendants sub-contractors pursuant to Werheiser v. T.E. Warren, Inc., 142 N.J. Super. 405 (1976) and Branca v. Shore Memorial Hospital, 182 N.J.Super. 315 (1981).

17.     All transcripts of any deposition, court proceeding or testimony with respect to this incident.

18.     Any and all discovery received from any other party to this action.

19.     The original or legible copy of any and all statements, reports, memoranda setting forth the facts disclosed in any and all surveys, inspections, testing or investigation with reference to the above-captioned claim being in your possession or under the control of your agents, servants, workmen and/or employees or counsel except for the personal notes or impressions, conclusions or opinions respecting the value or merit of the claim.

20.     A copy of any written accident or incident report concerning this occurrence signed or prepared by anyone on behalf of defendants and/or their insurance carrier(s).

21.     All writings, statements, descriptions, notice of loss reports, report of incident, and any and all documents pertaining to any aspect of the incident or accident which gave rise to the instant cause of action; however, you may exercise or delete any references to mental impressions, conclusions or opinions representing value or merit of a claim or defense respecting strategy or tactics and further excluding privileged communications from counsel.

22.     All property damages estimates for any object belonging to the plaintiff's or the defendants which was involved in this accident or occurrence.

23.     A copy of any and all documents received from any and all insurance claims or lawsuit indexing services/bureaus for all searches performed with respect to the plaintiff.

24.    A copy of any and all documents received from any hospitalization searches performed with respect to plaintiff, including, but not limited to, any and all hospital check reports.

25.    If applicable, a copy of any and all records or documents of any kind obtained from any source which in any way relate to prior or subsequent accidents, injuries and/or medical care involving the plaintiff.

26.    A copy of any and all surveillance video, logs, summaries and/or any other documents of any kind contained in the surveillance file for any surveillance done of the plaintiff.

27.    All documents that you supplied to any experts who will be called as witnesses on your behalf at the trial of this action.

28.    Any documents that you receive pursuant to any subpoenas or authorizations in connection with this action.

29.    Any and all documents you intend to rely upon at the time of trial in this matter.

30.    Any and all documents you intend to question any witness with at a deposition, arbitration or trial in this matter.

31.    A copy of any and all reports from the New Jersey State Police and/or any other governmental department or agency that investigated any aspect of the subject incident.

32.    A copy of any and all contracts and/or written agreements of any kind between any of the defendants.

33.    A copy of any and all documents of any kind, including but not limited to, photographs, which relate to the property damage and repairs to the subject truck defendant ----- was operating on November 11, 2018.

34.    Bills of lading for any shipments transported by the driver, for the day of the accident and the thirty (30) day period preceding the incident.

35.    Any oversized permits or other applicable permits or licenses covering the truck on the day of the incident.

36.    Defendant's complete driver qualification file, as required by 49 C.F.R. 391.51, including but not limited to:

> Application for employment
> CDL license
> Driver s certification of prior traffic violations
> Driver s certification of prior collisions
> Driver s employment history
> Pre-employment MVR
> Annual MVR
> Annual review of driver history
> Certification of road test
> Medical examiner s certificate
> HAZMAT or other training documents
> All drug and alcohol testing records of the driver
> All inquiries and responses regarding the driver s employment history
> Driver s complete personnel file
> Driver s complete medical file

37.    All documents normally used to determine whether an accident was preventable or non-preventable, whether such determination was made in this case, to include, but not be limited to:

> The driver s post-collision alcohol and drug testing results.
> Documents used to determine if the driver was on a cell phone or other electronic device at the time of the incident.
> Documents used to determine whether the driver was texting at the time of the accident.
> Driver Log Audit and Violation Reports  Whether paper or electronic, whether daily, weekly, monthly, quarterly, cumulatively, and for all other time periods.
> Reports electronically available or other services.
> The GPS location data for six months prior to the accident for the driver.

38.    The accident register maintained by the motor carrier as required by federal law for the one (1) year period preceding this collision.  .

39.     All OmniTRAC, Qualcomm, MVPC, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the six (6) months prior to the collision and the day of the collision, for this driver, and/or truck.

40.     The entire personnel discipline, and training files of defendant involved in this collision.

41.     All letters, reports, and written material from a government entity involving safety, and safety ratings for the company and driver to include, but not be limited to, Department of Transportation audits by the state or federal government, the Federal Motor Carrier Safety Administration, or material generated on your company or driver pursuant to SAFERSYS or CSA 2010. The request is limited to one (1) year prior to the accident and any subsequent document, report, letter, or other material (to include electronically transmitted information) that includes the date of the accident or the driver.

42.     The front and back of the driver's daily logs for the day of the collision, and the six month period preceding the collision, together with all material required by 49 C.F.R. 395.8 and 395.15 for the driver involved in the above matter together with the results of any computer program used to check logs as well as all results of any audit of the logs by your company or a third party.  This specifically includes any electric on-board computers (AOBRD s, EOBR s, etc.) and the audit trail for those entries

43.     All existing driver vehicle inspection reports required under for the vehicle involved in the above collision, to include all existing daily inspection reports for the tractor and trailer involved in this collision.

44.     All existing maintenance, inspection and repair records or work orders on the truck involved in the above collision.

45.    All annual inspection reports for the truck involved in the above collision, covering the date of the collision.

46.    Photographs, video, computer generated media, or other recordings of the interior and exterior of vehicles involved in this collision, the collision scene, the occurrence, or relating to any equipment or things originally located at or near the site of the occurrence.

47.    Any computer data from the truck to include but not be limited to: any data and printout from on-board recording devices, including but not limited to the ECM (electronic control module), any on-board computer, tachograph, trip monitor, trip recorder, trip master, Hours of Service (HOS) or other recording or tracking device for the day of the collision and the six (6) month period preceding the collision for the equipment involved in the collision.

48.    Any post-collision maintenance, inspection, or repair records or invoices regarding the tractor and trailer involved in the above collision.

49.    Any trip reports, dispatch records, trip envelopes regarding the driver or the truck involved in this collision for the day of the collision and the thirty (30) day period preceding this collision.

50.    Any e-mails, electronic messages, letters, memos, or other documents concerning this collision.

51.    All drivers manuals, guidelines, rules or regulations, safety messages, safety and training materials for the safe operation of a tractor trailer given to drivers such as the one involved in this collision.

52.    Any reports, memos, notes, logs or other documents evidencing complaints about the driver in the above collision at any time.

53.    Any DOT or PSC reports, memos, notes or correspondence concerning the driver, or the truck involved in this collision.

54.    Any and all communications via CB radio, mobile or satellite communication systems, email, cellular phone, pager or other in cab communication device to include the bills for the devices for the day before, the day of, and the two days after the collision.

55.    Any and all computer, electronic, or e-mail messages created in the first forty eight hours immediately after the incident, by and between the defendants and any agents or third parties relating to the facts, circumstances, or actual investigation of the incident as well as any computer messages which relate to this particular incident, whether generated or received.

56.    All correspondence and documents regarding any safety issue for the driver to include, but not be limited to, the initiation, investigation and conclusion of any warning letters, targeted roadside inspections any document that stated the driver was unfit.

57.    All correspondence and documents regarding any safety issue for the company to include but not be limited to the initiation, investigation and conclusion of:

    any off-site investigation,
    any on-site investigation,
    any cooperative safety plan,
    any notice of violation,
    any notice of claim/settlement agreement,
    any documents related to DOT recordable accidents pertaining to this incident, and any
    documents related to at fault accidents pertaining to this incident.

58.    All logs of activity (both in paper and electronic formats) on computer systems and networks that have or may have been used to process or store electronic data containing information about or related to safety and safety policies, the collision, the driver(s), the truck, the witnesses to the collision, the plaintiff(s), the facts of the collision, preventability determinations, GPS data, Hours of Service (HOS) data, dispatcher data for this driver.

59.    All e-mails, and information about e-mails (including message contents, header information and logs of e-mail system usage) sent or received by the driver involved in the incident for period involving the incident and the seven (7) days before and after the incident.

60.     All other e-mail and information about e-mail (including message contents, header information and logs of e-mail system usage) containing information about or related to company safety and safety policies, the collision, the driver, the truck, witnesses to the collision, the plaintiffs, the load, the facts of the incident, preventability determinations, GPS data, dispatcher data for this driver.

61.     All databases, files, and/or electronic data (including all records and fields and structural information in such databases), containing any reference to and/or information about or related to company safety and safety policies, the collision, the driver, the truck, witnesses to the collision, the plaintiffs, the load, the facts of the collision, preventability determinations, GPS data, dispatcher data for this driver.

62.     Provide all results of the recording or downloading of mechanical or electronic on-board recording Electronic Control Module (ECM) or Event Data Recorder (EDR) commonly known as a black box or any other computer or data link of the subject vehicle to include but not be limited to devices such as Cummins Celect, Cummins Quik-Link, NEXIQ Pro-Link, Detroit Diesel Pro Driver, Detroit Diesel DDEC III & DDEC IV, Caterpillar Fleet Information System, Caterpillar ADEM or any similar device so equipped in the truck.

**These requests are deemed to be continuing insofar that if any of the above is secured subsequent to the date herein for the production of same, said documents, photographs statements, reports, etc., are to be provided to plaintiff s counsel, within thirty (30) days of receipt of same.**

EPSTEIN OSTROVE, LLC
Attorneys for Plaintiff(s)

By: _____

Dated:  September 25, 2020                    DANIEL N. EPSTEIN, Esq.

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other action or arbitration proceedings, now or contemplated.

**EPSTEIN OSTROVE, LLC**
Attorneys for Plaintiff(s)

By: _____

Dated: September 25, 2020

DANIEL N. EPSTEIN, Esq.

**EX. B**

To: 9086680885              Received:              From: 17329934917          Oct  2 2020 01:16pn
                                                                            10-02-20  11:59am   p. 2   of 22

Daniel N. Epstein, Esq. - Attorney ID No.:  033981995
EPSTEIN OSTROVE, LLC
Attorneys at Law
200 Metroplex Drive, Suite 304
Edison, NJ 08817
(732) 828-8600
Attorneys for Plaintiff

| | | |
|---|---|---|
| THOMAS E. TOMY, | : | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | : | LAW DIVISION |
| vs. | : | DOCKET NO.: MID-L-6889-20 |
| CHRISTOPHER A. BARKER, | : | Civil Action |
| LT HARNETT TRUCKING, | : | |
| JOHN DOES I-X, (said names being | : | SUMMONS |
| fictitious, true names presently unknown) | : | |
| ABC CORP. I-X (said names being | : | |
| fictitious, true name presently unknown), | : | |
| Defendants. | : | |

THE STATE OF NEW JERSEY,
TO THE ABOVE-NAMED DEFENDANT(S):        CHRISTOPHER A. BARKER

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

DATED: October 2, 2020          /s/ Michelle M. Smith, Esq.
                                 Michelle M. Smith, Esq., Acting Clerk of the Superior Court

Name of Defendant to be served:    Christopher A. Barker
                                   944 Arden Avenue
                                   Steubenville, OH 43952

**EX. C**

**LAW OFFICES OF LORNE M. REITER, LLC**
124 FIRST AVENUE
ATLANTIC HIGHLANDS, NEW JERSEY 07716

TEL. (732) 747-9555
FAX (732) 626-6800

LORNE M. REITER *

LAURA C. JOHNSON +
VANESSA L. KOPPEL ^
SHARON B. MORELAND #

* ADMITTED NEW YORK & NEW JERSEY
+ ADMITTED NEW JERSEY & COLORADO
^ ADMITTED NEW JERSEY
# ADMITTED NEW YORK, NEW JERSEY &
MASSACHUSETTS

NEW YORK OFFICE

14 WALL STREET, 20TH FLOOR
NEW YORK, NY 10005
(212) 222-0955
(212) 202-4784 FAX

lreiter@lreiterlaw.com

October 12, 2020

d.epstein@epsteinostrove.com

Daniel Epstein, Esq.
Epstein Ostrove, LLC
P.O. Box 710
Edison, NJ 08817

   Re: Thomas E. Tomy/LT Harnett Trucking and Christopher A. Barker
     Our File Number: 001-0842-TTJ
     Date of Accident: February 13, 2020

Dear Mr. Epstein:

   As you are aware, our firm represents LT Harnett Trucking and Christopher A. Barker with respect to the above-captioned matter.

   We hereby demand that plaintiff serve upon us, within five (5) days from the date of service hereof, a written Statement of Damages claimed, pursuant to <u>Rule</u> 4:5-2.

       Very truly yours,

       s/Lorne M. Reiter

       LORNE M. REITER

LMR:lms

**EX. D**

**Subject:** Re: Tomy
**From:** "Daniel N. Epstein" <d.epstein@epsteinostrove.com>
**Date:** 10/12/2020, 3:49 PM
**To:** Shana Kennedy <skennedy@lreiterlaw.com>
**CC:** LORNE REITER <lreiter@lreiterlaw.com>

5 million dollars.

Daniel N. Epstein, Esq.
EPSTEIN OSTROVE, LLC
www.epsteinostrove.com
200 Metroplex Dr.
Suite 304
Edison, NJ 08817
T 732 828 8600
F 732 828 8601

> On Oct 12, 2020, at 3:48 PM, Shana Kennedy <skennedy@lreiterlaw.com> wrote:
>
>
> Hello, please see the attached document below.
>
> Thank you and have a nice day,
>
> --
>
> *Shana Kennedy*
> Law Offices of Lorne M. Reiter, LLC
> **NY Office:** 14 Wall St., 20th Floor, NY, NY 10005 P: 212-222-0955
> **NJ Office:** 124 First Avenue, Atlantic Highlands, NJ 07716 P: 732-747-9555
>
> **CONFIDENTIALITY NOTE:** This email is intended only for the person/entity to whom it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure, dissemination or distribution.  Copying of this e-mail or the information herein by anyone other than the intended recipient is prohibited. If you have received this email in error, please notify the sender immediately by telephone at (212) 222-0955.
> THE INFORMATION CONTAINED IN THIS EMAIL COMMUNICATION IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT NAMED ABOVE. This message may be an Attorney-Client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please destroy this transmission and notify us immediately by telephone and/or reply email.
> <Tomy 10.12 letter to plaintiff.pdf>

THE INFORMATION CONTAINED IN THIS EMAIL COMMUNICATION IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT NAMED ABOVE. This message may be an Attorney-Client communication, and as such is privileged and confidential. If the reader of this message is

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------------------X

THOMAS E. TOMY,

         Plaintiff,

vs.

CHRISTOPHER A. BARKER, LT HARNETT
TRUCKING, JOHN DOES I-X, (said names being
fictitious, true names presently unknown), ABC
CORP. I-X (said names being fictitious, true names
presently unknown),

         Defendants.

-------------------------------------------------------------------X

       **Civil Action number :20-cv-**

       **CERTIFICATION OF SERVICE**

LORNE M. REITER, ESQ. certifies as follows:

1.   I am an attorney duly admitted to practice before this Honorable Court, and I hereby affirm the truth of the following statements under the penalty of perjury.

2.   I am a member with the law firm of LAW OFFICES OF LORNE M. REITER, LLC, attorneys for the defendants CHRISTOPHER A. BARKER and LT HARNETT TRUCKING and, as such, I am fully familiar with the facts set forth herein.

3.   On this date, I served copies of the within Notice of Removal upon the plaintiff in this action by mailing same via First Class Mail from 124 First Avenue, Atlantic Highlands, New Jersey 07716 addressed to the plaintiff's attorney, Daniel Epstein, Esq., Epstein Ostrove, LLC, 200 Metroplex Drive, Suite 304, Edison, NJ 08817 and through the New Jersey judiciary electronic filing system.

4.   Further, on this date, I caused a copy of the Notice of Removal to be filed with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County Courthouse, 56 Paterson St., New Brunswick, NJ 08903-0964.

5.   Pursuant to 28 U.S.C. §1746, I affirm under penalty of perjury that the foregoing is

true and correct.

Dated: November 3, 2020

> LAW OFFICES OF LORNE M. REITER, LLC
> Attorneys for defendants
> CHRISTOPHER A. BARKER and LT HARNETT
> TRUCKING
> 124 First Avenue
> Atlantic Highlands, New Jersey 07716
> 732-747-9555

BY:

*Lorne M. Reiter*
_____
LORNE M. REITER